THOMAS D. SEARS *v.* WILLOUGHBY McBRIDE.

To entitle a husband to an estate as tenant by the curtesy, before the adoption of the Rev. Code (1st January, 1856,) a seizen in deed was necessary; and under the rules prescribed in chap. 38 of the Rev. Stat., (1st January, 1838,) a seizen in deed was also necessary, in case of the parent's claiming a life estate upon the death of his child. Now under the provisions of the Rev. Code, chap. 38, rules 1 and 13, neither actual nor legal seizen is necessary to make the stock in the devolution of estates.

(*Lawrence* v. *Pitt*, 1 Jones, 344, cited and approved.)

CIVIL ACTION, (for the recovery of a certain tract of land,) submitted to, and determined by *Albertson, J.,* at the Fall Term, 1873, of CURRITUCK Superior Court.

His Honor, upon the facts submitted, being of opinion with the defendant, the plaintiff appealed.

The facts, are fully set out in the opinion of the Court.

No counsel in this Court for the appellant.
*Smith & Strong,* for the defendant, submitted:

Daniel Lee, by his will, made November 22, 1822, devised the land to his grand-daughter, Eliza McPherson, "until she arrives to the age of eighteen, then the same to return my" (the testator's) "heirs." He further provides, in a subsequent clause, "In case she should marry under the age of eighteen, or after, I give it to her and her heirs forever." The testator died in 1823.

Eliza thereafter married Israel Fanshaw and died, leaving issue a daughter Eliza, who intermarried with the plaintiff in 1850, and died November 27, 1852, leaving an only child William, who died December 7th, 1852. William left no brother nor sister nor the issue of such. Israel Fanshaw died in the Fall of 1871.

The fee vested in the devisee Eliza, on her marriage with Fanshaw, and after her death, he became tenant by the curtesy, and entitled to a life estate in the land, which terminated in 1871 at his death.

The remainder in fee, at the death of the devisee, descended to his daughter Eliza, to which her husband, the plaintiff, was not entitled to an estate for his life.

At the death of Eliza, the plaintiff's wife, the land subject to the life estate of Fanshaw, descended to her son William Sears.

At the death of William, no estate vested in his father, but it descended to his nearest relations of the blood of the ancestor from whom the estate descended, because there was no seizen in William. Rev. Stat., chap. 38, rule 6.

The Revised Code does not apply, having gone into oparation subsequent to these descents. *Lawrence* v. *Pitt*, 1 Jones, 344.

SETTLE, J. The facts presented by the record, and agreed upon by counsel, are as follows :

Daniel Lee died in the year 1823, in Currituck county, leaving a last will and testament, dated November 22, A. D. 1822, in which he devised the use and benefit of certain land to his granddaughter, Eliza McPherson, until she arrived at

the age of eighteen, then for the land to return to his heirs, " and in case she should marry under the age of eighteen, or after then," he gave it to her and her heirs forever. Eliza McPherson entered upon the premises, intermarried with one Israel Fanshaw, and died, leaving issue by him one daughter named Eliza, who intermarried with the plaintiff, Thomas D. Sears, in the year 1850, and died November 27th, 1852, leaving issue by him one son, named William Sears. The said William Sears, son of the plaintiff by his wife Eliza, died on the 7th of December, 1852, leaving no issue nor brother nor sister, nor the issue of such.

Israel Fanshaw, the husband of Eliza (born McPherson) survived his grand son, William Sears, and died in the fall of 1871, and he, and those claiming under him, remained in possession of the land claimed by plaintiff from his marriage with the said Eliza, until his death.

The plaintiff claims,

1st. The title in fee and the right to the possession of said land, as the heir-at-law of his child, William Sears.

Failing in this, he claims,

2d. That he is entitled to the possession of the land as tenant by the courtesy, through his wife Eliza, (born Fanshaw.)

If neither of these points be with the plaintiff, then the title of the defendant is not disputed.

If this case were governed by the rules of descent to be found in the Revised Code, ch. 38, the plaintiff would be entitled to the land in controversy, in fee simple, but since it is governed by the rules as found in the Revised Statutes, ch. 38, he can take nothing. The learning on this subject is so fully and satisfactorily stated in *Lawrence* v. *Pitt*, 1 Jones 344, that we shall not discuss the subject further than to apply the law to the facts before us.

1st. The plaintiff cannot claim the land as tenant by the curtesy, for the reason that seizen in deed is necessary, at common law, to entitle the husband to curtesy, and here, since the actual seizen was in Israel Fanshaw, as tenant by the cur-

SEARS *v.* MCBRIDE.

tesy, until his death in 1871, there never was, at any time, seizen, either in law or in deed, in the wife of the plaintiff, who died in November 1852, for the reason already given, to-wit: that the seizen was in Israel Fanshaw, there never was, at any time, seizen, either in law or in deed, in William Sears, who died in December 1852, and therefore the plaintiff cannot claim even the life estate given in certain cases to the parents or parent of the person last seized, by the proviso to rule 6, in the chapter on Descents, in the Revised Statutes.

But the law has been materially changed, as will be seen by reference to the Revised Code, which enacts: "Rule 1. Every inheritance shall lineally descend forever to the issue of the person who died last seized, *entitled or having any interest therein*," &c. And further, as if to remove all doubt, rule 13 is enacted, which declares, "Every person in whom a seizen is required by any of the provisions of this chapter, shall be deemed to have been seized if he may have had any right, title or interest in the inheritance." So that now, neither actual nor legal seizen is necessary to make the stock in the devolution of estates.

And it will be observed that while the proviso to rule 6, in the Revised Statutes, gives, in certain contingencies, only a life estate to the parents, &c., yet in the Revised Code, under the same contingencies, an estate in fee simple is given to the father, if living, and if not, then to the mother, if living.

The judgment of the Superior Court is affirmed.

PER CURIAM.                    Judgment affirmed.